NOTE: This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**In re: CURRENT LIGHTING SOLUTIONS, LLC, dba GE Current,**

*Petitioner*

---

2023-140

---

On Petition for Writ of Mandamus to the United States District Court for the Western District of Texas in No. 6:22-cv-00534-ADA-DTG, Judge Alan D. Albright.

---

**ON PETITION**

---

Before CHEN, MAYER, and STOLL, *Circuit Judges*.

PER CURIAM.

### O R D E R

Current Lighting Solutions, LLC ("Current Lighting") petitions for a writ of mandamus directing the United States District Court for the Western District of Texas to promptly decide its motion to transfer and to stay all merits proceedings pending final resolution of the venue dispute. Jiaxing Super Lighting Electric Appliance, Co., Ltd. and Obert, Inc. (collectively, "Super Lighting") oppose.

This petition arises out of a patent infringement suit brought by Super Lighting against Current Lighting in the

Western District of Texas. Current Lighting moved, pursuant to 28 U.S.C. § 1404(a), to transfer to the United States District Court for the Northern District of Ohio. On April 20, 2023, in a text minute entry, the magistrate judge assigned to the case denied the transfer motion and indicated that a written order to that effect would follow. On May 12, 2023, Current Lighting moved to stay proceedings pending further resolution of its transfer motion. On June 7, 2023, the magistrate judge scheduled a claim construction hearing for July 19, 2023. On July 3, 2023, Current Lighting filed this petition. On July 7, 2023, the magistrate judge issued a written order denying Current Lighting's transfer motion. Having denied transfer, the magistrate judge then denied the stay request. Current Lighting filed objections to that ruling, which were overruled by the district court on July 13, 2023.

Mandamus is "reserved for extraordinary situations." *Gulfstream Aerospace Corp. v. Mayacamas Corp.*, 485 U.S. 271, 289 (1988) (citation omitted). Under the well-established standard for obtaining such relief, the petitioner must: (1) show that it has a clear and indisputable legal right; (2) show it does not have any other adequate method of obtaining relief; and (3) convince the court that the "writ is appropriate under the circumstances." *Cheney v. U.S. Dist. Ct. for D.C.*, 542 U.S. 367, 380–81 (2004) (citation omitted). We cannot say Current Lighting has met that demanding standard. The transfer motion has been resolved before the district court turned to the substantive issues. While Current Lighting states it intends to seek appellate review of the final transfer ruling, it has not shown mandamus to be warranted here to stay proceedings based on the prospect of such further review.

Accordingly,

IN RE: CURRENT LIGHTING SOLUTIONS, LLC                    3

IT IS ORDERED THAT:

The petition is denied.

FOR THE COURT

July 17, 2023                    /s/ Jarrett B. Perlow
     Date                          Jarrett B. Perlow
                                   Clerk of Court